# In the United States Court of Federal Claims

No. 11-447 C
(Filed: January 23, 2013)

```
*************************************
                                    *
ENERGY NORTHWEST,                   *
                                    *
            Plaintiff,              *
                                    *
    v.                              *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
*************************************
```

## ORDER

On December 17, 2012, Defendant filed a motion to amend its answer, pursuant to Rule 15(a)(2) of the Rules of the Court of Federal Claims ("RCFC").  Specifically, in its motion, Defendant seeks "leave to assert the affirmative defense of laches to plaintiff Energy Northwest's claim for damages resulting from its payment of certain fees to the Nuclear Regulatory Commission (NRC) . . . ."  Defendant explained that Plaintiff ("EN") had not identified NRC fees "as an element of its damages claim in its complaint" and thus that the Government "did not know when it filed its original answer that it would be necessary to identify applicable affirmative defenses to that claim in its answer."  Def.'s Mot. 1.

In its response on January 7, 2013, Plaintiff indicates only a limited objection to the proposed amended answer.  "[R]ather than litigate the Government's proposed defense in the context of a motion to amend the pleadings," Energy Northwest avers that is does "not object to the Government's proposed amendment (without prejudice to raise all legal and factual arguments and responses on the merits), *provided the defense is confined to the NRC Fee Damages*."  Pl.'s Resp. 2 (emphasis added).  Plaintiff points out, however, that, although the Government's motion itself focused on the laches defense only as to the NRC fees issue, the Government's proposed amended answer would add the laches defense more broadly: "Plaintiff's claims are barred, in whole or in part, by the doctrine of laches."  Def.'s Mot., Ex. A, Proposed Am. Ans. at 8).  Plaintiff thus asks the Court to limit the proposed laches defense to the NRC fees issue.

In its Reply of January 17, 2013, the Government opposes limiting the scope of its proposed laches affirmative defense.  "Although the Government, at this time, believes that it will only argue laches as an affirmative defense to EN's claim for certain NRC fees, there is no

basis for this court to narrowly restrict the applicability of the Government affirmative defense to EN's NRC fees claim."  Def.'s Repl 1.

RCFC 15(a)(2) instructs that "[t]he court should freely give leave when justice so requires."  As Defendant notes, "Absent some reason such as bad faith, undue delay, or undue prejudice to the opposing party, 'the leave sought should, as the rules, require, be freely given." *Cooke v. United States*, 79 Fed. Cl. 741, 742 (2007) (internal citation omitted).  The Court of Federal Claims in *Cooke* elaborated that undue prejudice "may be found when an amended pleading would cause unfair surprise to the opposing party, unreasonably broaden the issues, or require additional discovery" in the face of pending trial.  *Id*. at 742-43.

The Court is satisfied that Defendant has not unduly delayed its proposed assertion of an affirmative defense of laches respecting the NRC fees issue.  Defendant has explained that the NRC fees matter first surfaced in this case in the calculation of damages in Plaintiff's expert report of March 2012 and that the potential prejudice to Defendant on the issue did not manifest itself except in the course of written discovery relating to NRC-related damages in the fall of 2012.  Because discovery in the case does not conclude until June 2013, Defendant's amended defense should cause no delay in the case because "Plaintiff will have ample opportunity to conduct depositions and question witnesses about the laches defense, should it so choose."  Def.'s Reply 3.

Finally, Defendant argues,

> Because the Government's decision to assert the defense of laches arises from plaintiff's inclusion of NRC fees as an element of damages in its expert's report and from plaintiff's written discovery requests concerning its NRC fees claim, some of which seek documents pre-dating the Government's 1998 partial breach, it does not unreasonably broaden the issues in this case.

*Id*.

It is evident to the Court from the arguments marshaled by Defendant in support of its motion to amend its answer – no undue delay in proposing the amended answer, no unreasonable broadening of issues, no prejudice to Plaintiff given the time still available in the discovery schedule – are particular to the NRC fees issue.  Accordingly, the Court finds no cogent reason not to limit Defendant's amended answer to the assertion of laches as an affirmative defense to "plaintiff Energy Northwest's claim for damages resulting from its payment of certain fees to the Nuclear Regulatory Commission (NRC) that it claims as damages resulting from the Government's 1998 partial breach of the Standard Contract for the Disposal of Spent Nuclear Fuel and/or High Level Radioactive Waste."  Def.'s Mot. 1.

If Defendant otherwise determines that it wishes to assert a laches defense in any other context, the Court will entertain such a motion at the appropriate time and will freely give leave in that context absent reasons of bad faith, undue delay, or undue prejudice to the opposing party.

  Accordingly, Defendant's motion is granted in part. Leave is hereby given to Defendant to file an amended answer asserting an affirmative defense of laches with respect to Plaintiff's claim of damages relating to Nuclear Regulatory Commission fees.

              s/ Edward J. Damich
              EDWARD J. DAMICH
              Judge